UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jeanne Yobs, et al.,
(Joan Esterces)

Civil No. 06-3120 (ADM/JJG)

Plaintiffs,

v.

**REPORT AND RECOMMENDATION**

Wyeth d/b/a Wyeth, Inc., et al.,

Defendants.

---

This matter was originally before the Court on the Motion to Withdraw as Counsel for Plaintiff Joan Esterces (ECF No. 398), filed by W. Stuart Calwell, Jr., Alex McLaughlin, Angela Cartmill Reese, and Melissa Luce of The Calwell Practice, PLLC (hereinafter collectively referred to as "plaintiff's counsel" or "The Calwell Practice")[1]. In addition, Ronald S. Goldser and Charles S. Zimmerman of Zimmerman Reed, appearing as local counsel for plaintiff, filed a Joinder of Motion to Withdraw as Counsel for Plaintiff Joan Esterces (ECF No. 400)[2].

On March 6, 2014, the Court requested more information on the Motion to Withdraw and also sought positions on why the case should not be transferred to New

---

1  S. Brooks West, II of The Calwell Practice PLLC appears on the docket of this case as counsel for plaintiff. Mr. West apparently is no longer employed by The Calwell Practice but has never withdrawn as counsel.

2  Stacy K. Hauer, formerly of Zimmerman Reed appears on the docket of this case as counsel for plaintiff. Ms. Hauer is no longer employed by Zimmerman Reed but has never withdrawn as counsel.

York, as this action is one of many product-liability actions that have been filed in the District of Minnesota, despite having no discernable connection to Minnesota (ECF No. 401). On April 2, 2014, Plaintiff responded (ECF No. 402), in essence requesting that she not be left unrepresented (while her husband is an attorney he does not practice in this area of law and understandably sought assistance elsewhere), and expressing a desire for a speedy resolution of her case. She indicated she did not believe any court had ruled on the merits, nor was any settlement relayed. On April 11, 2014, Defendants filed their response (ECF No. 403) and The Calwell Practice filed a memorandum in support of its motion and the Zimmerman Reed motion (ECF No. 404).

The Court has reviewed all of the positions and finds that the first consideration is where the case should be venued. The Court is cognizant of the parties' desire to move this motion and the entire case forward to a conclusion. Yet, the Plaintiff, the Defendants, the acts involved in the case, Plaintiff's treatment and her doctors are all located outside of Minnesota. As the Complaint and the motion reveal, Plaintiff is a citizen and resident of New York. The complaint also states that no Defendant is a citizen of Minnesota, no Defendant is incorporated in Minnesota, no Defendant maintains its principal place of business in Minnesota, no act giving rise to this action occurred in Minnesota, and none of the alleged injuries for which Plaintiff seeks to recover were suffered in Minnesota.

It appears that at least one reason this case was filed in Minnesota was to take advantage of Minnesota's relatively generous statutes of limitations. *See* Minn. Stat. §

541.05 (providing a six-year limitations period for negligence and fraud claims and a four-year period for strict-liability claims); Minn. Stat. § 336.2-725 (providing a four-year limitations period for warranty claims); *see also Fleeger v. Wyeth*, 771 N.W.2d 524, 525 (Minn. 2009) (in cases properly commenced in Minnesota, Minnesota's statute of limitations applies to personal-injury claims arising before August 1, 2004).

A transfer of this case, however, appears unlikely to prejudice any party. This case would remain in federal court and, assuming that this case was properly filed in Minnesota, the same choice-of-law rules would apply after transfer. *See Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990) (a § 1404(a) transfer does not change the law applicable in a diversity case). Moreover, transferring this case to the jurisdiction of Plaintiff's residence would likely promote the interests of justice and the convenience of the parties. The main effect of a transfer is to put the parties in a forum that has some connection to the underlying dispute. A transfer to New York cannot delay the proceedings any more than continuing to litigate in a completely unrelated district. Less time and money will be spent coming to some resolution of the case if located nearer to the evidence, acts involved and witnesses.

With regard to Plainitff Counsel's Motion to Withdraw, it is better dealt with in the location where the case is seated and at a time *after* the matter is at least shepherded through the transfer process to New York. Sending a plaintiff's case to another federal district without representation at this stage is undesirable, at best. As the Court is not ruling on the merits, it will recommend that the motions to withdraw be denied without

prejudice so that they may be brought in the proper district, after transfer, if still necessary.

Based on the foregoing, and on all of the files and records herein,

**IT IS RECOMMENDED** that:

1. The Motion to Withdraw as Counsel be **DENIED WITHOUT PREJUDICE**.

2. This case be transferred to the United States District Court for the Eastern District of New York.


Dated:  April 15, 2014          s/ *Jeanne J. Graham*
                                JEANNE J. GRAHAM
                                United States Magistrate Judge


**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 30, 2014**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.